IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HCL TECHNOLOGIES LIMITED,<br>and HCL AMERICA, INC., | §<br>§<br>§ | |
| Plaintiffs, | §<br>§<br>§ | |
| V. | §<br>§ | No. 3:23-cv-868-L |
| ATOS S.E., ATOS IT SOLUTIONS<br>AND SERVICES, INC., ATOS IT<br>OUTSOURCING SERVICES, LLC<br>ATOS GOVERNMENTAL IT<br>OUTSOURCING SERVICES, LLC,<br>ATOS HEALTHCARE SERVICES,<br>LLC, ATOS DIGITAL HEALTH<br>SOLUTIONS, INC., CNA<br>FINANCIAL CORPORATION,<br>and CONTINENTAL CASUALTY<br>COMPANY, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Atos SE., Atos IT Solutions and Services, Inc., Atos IT Outsourcing Services, LLC, ATOS Governmental IT Outsourcing Services, LLC, Atos Healthcare Services, LLC, and Atos Digital Health Solutions, Inc. (the "Atos Defendants") and CNA Financial Corporation, and Continental Casualty Company (the "CNA Defendants"; collectively, "Defendants") filed a Motion to Dismiss. *See* Dkt. No. 19.

Plaintiffs HCL Technologies Limited and HCL America, Inc. (collectively, "HCL") filed a response and appendix in support. *See* Dkt. No. 29; Dkt. No. 30. And Defendants filed a reply. *See* Dkt. No. 35.

-1-

United States District Judge Sam A. Lindsay has referred this motion to the undersigned United States Magistrate Judge for hearing, if necessary, and findings, conclusions, and a recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 21.

HCL included an oral argument request in its response's caption, but oral argument is not necessary for the Court to resolve the motion. *See generally* N.D. TEX. L. CIV. R. 7.1(g).

For the following reasons, the Court should grant in part and deny in part Defendants' Motion to Dismiss [Dkt. No. 19].

## Background

This case concerns copyright infringement. Defendants had an agreement to use the software programs "DX" and "Domino" with IBM, which then assigned the software programs to HCL. *See* Dkt. No. 1 at 7-10. HCL contends that Defendants continued to use the programs without proper licensing. *See id.* at 10-11.

HCL alleges that, when it tried to contact Defendants about their continued use, Defendants willfully continued to use the software without permission. *See id.* at 3. HCL also alleges that Defendants tried to hide their use of the software, refused to submit compliance audits, and have misled HCL with "inconsistent" and "contradictory statements." *Id.* at 12-17.

HCL filed a complaint in this Court invoking federal question jurisdiction. *See id.* at 5-6. HCL brought claims against the Atos Defendants for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement under 17 U.S.C. § 101 *et seq. See id.* at 20-

-2-

30. HCL also brings a claim against the CNA Defendants for direct copyright infringement under 17 U.S.C. § 101 *et seq.*, and claims for equitable accounting, unjust enrichment, and common law unfair competition against all defendants. *See id.* at 30-34. HCL seeks a variety of remedies, including declaratory judgments, a preliminary and permanent injunction under 17 U.S.C. § 502, and money damages. *See id.* at 33-37.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted,"

*Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing

courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

## Analysis

Defendants assert that HCL has failed to state a claim because it has failed to adequately and specifically allege what each Defendant did, because it has failed to allege that "adequate relief cannot be obtained at law" as required for equitable accounting, and because the unfair competition and unjust enrichment claims are "preempted by the Copyright Act." Dkt. No. 19 at 1.

The undersigned will address each argument in turn.

I.    <u>Consideration of Matters Outside the Pleadings</u>

The undersigned must first address whether this motion must be converted to a motion for summary judgment because HCL's response includes matters outside the pleadings.

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir.1988). But "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a

reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

HCL attaches a declaration to its response, explaining three attached exhibits: 1) a copy of a press release discussing the Atos Defendants' partnership with the CNA Defendants, 2) a screenshot of the ATOS website, and 3) another screenshot of the ATOS website. *See* Dkt. No. 30. HCL presents this evidence to show the unity of defendants and to contradict Defendants' argument that HCL "engage[d] in impermissible group pleading." Dkt. No. 29 at 10-13.

HCL asks that the Court take judicial notice of the press release and website information. *See id.* at 11-13. Defendants do not dispute the accuracy of the exhibits, although they do dispute HCL's characterization of the exhibits and inferences drawn from the exhibits. *See* Dkt. No. 35 at 3. HCL also quotes the press release in the complaint, without providing a full transcript to the court or identifying the source of the quotes. *See* Dkt. No. 1 at 21.

"It is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9. The Court should consider the press release, as it is referenced in the complaint and central to HCL's claim of copyright infringement. *See* Dkt. No. 1 at 21; *Slaughter v. Torres*, 592 F. Supp. 3d 515, 520-21 (M.D. La. 2022) (taking judicial notice of a press release).

But the Court should only take notice of "the existence of the document 'not to prove the truth of the documents' contents.'" *Ambler v. Williamson Cnty., Texas*, No.

1-20-CV-1068-LY, 2021 WL 769667, at *3 (W.D. Tex. Feb. 25, 2021) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)).

The Court should also take judicial notice of the screenshots from the Atos Defendants' website. Courts have disagreed over whether it is appropriate to take judicial notice of commercial websites. *See Columbare v. Sw. Airlines, Co.,* No. 3:21-cv-297-B-BK, 2023 WL 406439, at *4 (N.D. Tex. Jan. 10, 2023) ("Courts have taken judicial notice of publicly available information on a company's official website." (collecting cases) (cleaned up)); *cf. Engert v. Quincy Bioscience, LLC*, No. 1:19-cv-183-LY, 2020 WL 504660, at *4 (W.D. Tex. Jan. 9, 2020) ("For purposes of a motion to dismiss, however, matters of public record do not include all documents which may be accessible to the public.' In addition, public records are typically 'government-provided records' and 'a commercial website is not a public record.'" (internal citations omitted) (cleaned up)). Because Defendants have not contested the accuracy of the ATOS website screenshots, the Court should take judicial notice of the attached screenshots. *See* Dkt. No. 30-1 at App. 8, 10.

Because the Court can and should take judicial notices of these exhibits, the Court need not convert the Rule 12(b)(6) motion under Rule 12(d).

II.    <u>Pleading with Specificity</u>

Defendants argue that HCL has engaged in group pleading by failing to allege with specificity the actions that each of the Atos Defendant took in the complaint. *See* Dkt. No. 19 at 3-4.

HCl contends that it is permissible to group defendants in a complaint when each defendant committed the act. *See* Dkt. No. 29 at 16-17. In support of their argument, HCL includes a copy of a press release referring to "Atos" generally and the ATOS website. *See* Dkt. No. 30-1.

Courts have held that "lumping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6)." *Del Castillo v. PMI Holdings N. Am. Inc*, No. 4:14-CV-03435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016). And "a complaint must attribute to a particular defendant an act that could not have been committed by a group." *Taylor v. Coca-Cola Co.*, No. 3:20-cv-2880-D, 2020 WL 6799257, at *1 (N.D. Tex. Nov. 19, 2020).

But "plaintiffs are permitted under federal procedure to allege that more than one defendant (i.e., a group of named defendants) committed the same alleged act." *ATC Media, LLC v. Michaels Stores, Inc.*, No. 3:22-cv-1416-N, 2023 WL 5058837, at *2 (N.D. Tex. Aug. 7, 2023).

Rule 8 requires pleadings to give "Defendants minimally adequate notice of Plaintiffs' claims in this matter and the bases therefor." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (cleaned up). And the group pleading must not "[prevent] the court from discerning which defendants are allegedly responsible for which allegedly unlawful acts." *Bailey v. Mansfield Indep. Sch. Dist.*, 425 F. Supp. 3d 696, 713 (N.D. Tex. 2019).

The undersigned is persuaded that the complaint provides the Atos Defendants minimally adequate notice of HCL's claim and sufficiently alleges which defendants committed which acts.

The undersigned agrees with Defendants that the exhibits attached to HCL's response are of little value, because they do not identify which Atos entity is represented. The exhibits, at best, show that the Atos Defendants are affiliated, which was already clearly alleged in the complaint. *See* Dkt. No. 1.

But, while affiliation is not sufficient to meet Rule 8's requirements, HCL alleges that the "Atos Defendants" are "owner[s] and manager[s] of the CNA Defendants' IT operations." *See* Dkt. No. 1 at 22. Mutual ownership, as alleged, is a fact that shows the relationship between the defendants – which is a factor that other courts have looked to in determining whether the complaint adequately differentiated defendants. *See VTX Commc'ns, LLC v. AT&T Inc.*, No. 7:19-CV-00269, 2020 WL 4465968, at *10 (S.D. Tex. Aug. 4, 2020) (holding that it was permissible to group multiple AT&T defendants together and stating that, "[e]ven if Plaintiffs do not separately plead which Defendant is tied to each allegation, Plaintiffs have provided some facts to show the relationship of these Defendants to the [partnerships], [and] to one another").

Although HCl does not differentiate the Atos Defendants in the substantive parts of the complaint, HCL's grouping of various Atos entities as "Atos Defendants" still "properly put[s] the Defendants on notice that [plaintiff] attributes the alleged misconduct to their joint operation as affiliated entities that operate collectively."

*ATC Media*, 2023 WL 5058837, at *2. And none of the causes of action against the Atos Defendants could only be committed by a singular person, rather than a group, so as to require individual pleading for each defendant. *See generally Taylor*, 2020 WL 6799257, at *1.

And, so, HCL has not engaged in impermissible "group pleading," and its claims should not be dismissed on this basis.

### III.    Equitable Accounting

Defendants argue that HCL has failed to allege "that the facts and accounts at issue are so complex that adequate relief cannot be obtained at law, through discovery or otherwise." Dkt. No. 19 at 5.

HCL argues that it only seeks equitable accounting as a remedy and that it is premature to dismiss the claim until liability is determined. *See* Dkt. No. 29 at 18-19.

Defendants reply that the equitable accounting claim should be dismissed as both a cause of action and a remedy. *See* Dkt. No. 35 at 5.

"'An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action.'" *Brown v. Cooley Enterprises, Inc.*, No. 3:11-cv-124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (cleaned up). "If Plaintiffs' request for an accounting is a separate, equitable cause of action, it is a proper action when the facts and accounts in issue are so complex that adequate relief cannot be obtained by law." *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 737 (E.D. Tex. 2011) (cleaned up).

But, "[w]hen accounting is sought as a remedy, it is not subject to dismissal under Rule 12(b)(6)." *Mayers v. Addison Brown, LLC*, No. 3:19-cv-3043-S, 2020 WL 7646973, at *5 (N.D. Tex. Dec. 22, 2020).

While it seems clear that HCL intended to plead equitable accounting as a cause of action, other judges in this court have held that, when a plaintiff clarifies in their response to a motion to dismiss that they intended equitable accounting to be a remedy, they will consider equitable accounting as a remedy. *See id.* ("Plaintiff appeared to bring accounting as a cause of action in its Complaint, but clarified in its Response to the Motion that it seeks accounting as a remedy. .... Because Plaintiff seeks accounting as a remedy, not a cause of action, the Court finds that Plaintiff's request for an accounting is not subject to dismissal at this stage.").

For these reasons, the Court should consider the equitable accounting claim as a remedy only, not as an independent cause of action, and should not dismiss it at this stage.

IV.    <u>Unjust Enrichment</u>

Defendants argue that HCL's unjust enrichment claim protects equivalent rights as the Copyright and so is preempted. *See* Dkt. No. 19 at 8. In their reply, Defendants also argue that the claim by its definition can only apply to the CNA defendants.

HCL argues that the claim is not preempted because it contains an additional element of taking "undue advantage." Dkt. No. 29 at 23.

"A district court may decide a preemption question in ruling on a 12(b)(6) motion if the allegations are sufficient to allow the court to rule." *Vest Safety Med. Servs., LLC v. Arbor Env't, LLC*, No. CV H-20-0812, 2020 WL 4003642, at *5 (S.D. Tex. July 15, 2020) (cleaned up). And that is the case here as to the alleged unjust enrichment claim and the alleged unfair competition claim discussed in the next section.

The Fifth Circuit has explained that

"Section 301 of the Copyright Act preempts state law claims that fall within the general scope of federal copyright law." Consistent with the text of the statute, we employ a two-prong test to determine whether the Act preempts a state law cause of action. First, we examine the state claim "to determine whether it falls 'within the subject matter of copyright' as defined by 17 U.S.C. § 102." If so, we then consider the state cause of action "to determine if it protects rights that are 'equivalent' to any of the exclusive rights of a federal copyright, as defined in 17 U.S.C. § 106." …. We evaluate the equivalency of the protected rights by applying the "extra element" test: Preemption does not occur if the state law claim requires "one or more qualitatively different elements." The party arguing against preemption must show "the presence of any element that renders different in kind its rights under state and federal law."

*Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 378 (5th Cir. 2020) (cleaned up).

"Computer software is a tangible medium protected by the Copyright Act." *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 597 (5th Cir. 2015). And, so, the first prong of the test is satisfied.

"[A] Texas unjust enrichment claim requires showing that one party has obtained a benefit by fraud, duress, or the taking of an undue advantage." *Digital Drilling Data Sys.*, 965 F.3d at 378. When a defendant alleges the "taking of an undue

advantage," the claim contains an extra element and is not preempted by the Copyright Act. *See id.* at 382 ("[Plaintiff] premised its unjust enrichment claim on a further element: that [Defendant's] benefit was obtained by "the taking of an undue advantage," i.e., by causing [Plaintiff's] customers to violate the terms of their … licenses. Because [Plaintiff's] unjust enrichment claim, as alleged, incorporates an element beyond mere unauthorized copying, the claim is not preempted.").

But the Fifth Circuit also noted that "other unjust enrichment claims – even those brought under Texas law – might indeed be preempted by the Copyright Act." *Id.* "What matters … is the nature of the unjust enrichment claim actually alleged." *Id.*

The Court, then, must analyze the claim as alleged in HCL's complaint.

In its unjust enrichment count, HCL pleads in relevant part:

155. HCL America earns commissions on its sales of licenses to third parties of HCLTech software, including the Infringed Software, and related services.
156. Any and all unauthorized sales and/or commercial deployments of the Infringed Software by Defendants wrongfully deprived HCL America from making a sale of a license to the Infringed Software or related services on which it would have earned commissions.
157. Defendants stole, utilized and derived revenue from the Infringed Software, and reaped a substantial monetary benefit, without compensating HCL America.
158. Defendants have been, and continue to be, unjustly enriched, and there exists an obligation implied by law to do justice even though no express promise between Defendants and HCL America requires compensation for the aforementioned unauthorized uses of the Infringed Software.

Dkt. No. 1 at 33.

The undersigned finds that HCL has sufficiently alleged a claim for unjust enrichment against the Atos Defendants. In applying *Digital Drilling*, another court

found that the plaintiff had adequately alleged a claim for unjust enrichment when the complaint indicated the defendant "took 'undue advantage' of their previous business relationship by wrongfully retaining the molds and using them without permission." *Erosion Prevention Prod. LLC v. Pave/lock/plus II, LLC*, No. 4:20-CV-03557, 2023 WL 9105685, at *6 (S.D. Tex. Nov. 22, 2023). The court inferred the undue advantage element even though the plaintiff alleged it generally. *See id.*

Applying this reasoning and viewing the facts in the light most favorable to HCL, the undersigned finds that HCL's claim for unjust enrichment survives the motion to dismiss as to the Atos Defendants. While the Atos Defendants are not creating a new product with HCL's software like the defendant in *Erosion Prevention*, HCL alleges that, through its predecessor IBM, Atos had a licensing agreement to use the software at one point, showing a business relationship. *See* Dkt. No. 1 at 10. But, after expiration of the agreement, Atos continued to use the software without permission for its customer CNA. *See id.* By doing so, the Atos Defendants obtained the benefit of the software without following proper licensing procedures and paying HCL.

But the same analysis does not apply to the CNA defendants. HCL alleges that the Atos Defendants received the "financial benefit" of using the infringing software. Dkt. No. 29 at 23. HCL states the Atos Defendants provided the infringed software to the CNA defendants in competition with HCL. *See* Dkt. 29 at 23; Dkt. No. 1 at 33. And, in its response to the Motion to Dismiss, HCL focuses its argument on how the Atos Defendants "'obtained a benefit by taking an undue advantage." Dkt. No. 29 at

23. Because HCL has not sufficiently plead how the CNA Defendants were unjustly enriched, the undersigned recommends dismissal of this claim as to the CNA Defendants only.

Based on these allegations, HCL's unjust enrichment claim is not preempted by the Copyright Act as to the Atos Defendants, because it involves an extra element of the taking of undue advantage, but is preempted by the Copyright Act as to the CNA Defendants.

V.    Unfair Competition

Defendants also argue that HCL's unfair competition claim is a claim for unfair competition by misappropriation, which is preempted by the Copyright Act. *See* Dkt. No. 19 at 7.

HCL responds that the unfair competition claim is based on acts independent of copyright infringement, including Defendants' alleged dishonesty in hiding their infringement from HCL. *See* Dkt. No. 29 at 20-22.

Applying the two-part preemption analysis discussed above, the undersigned finds "computer software is a tangible medium protected by the Copyright Act." *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 597 (5th Cir. 2015). The first prong of the test is again satisfied.

As to the second prong of the preemption analysis, in its unfair competition count, HCL pleads in relevant part:

> 161.   Plaintiff HCL America has invested countless hours and extensive financial resources to develop the personnel, technical expertise, and market knowledge necessary to market and sell licenses for the Infringed Software and related services to corporate customers in the United States.

162. Plaintiff HCL America invested in the personnel and business infrastructure necessary to market and sell licenses for the Infringed Software and related services to corporate customers in the United States based on the reasonable assumption that its indirect parent, Plaintiff HCLTech, as the sole owner of the Infringed Software, exclusively controlled its commercial exploitation in the United States. Due to Defendants' wrongful acts, this assumption is no longer accurate.

163. By misappropriating and commercially exploiting the Infringed Software without authorization from HCLTech, Defendants have wrongfully interposed themselves as competitors to Plaintiff HCL America in the market for DX and Domino licenses and services.

164. In wrongfully misappropriating DX and Domino, Defendants have an unfair advantage against HCL America in that Defendants are marketing and selling the same offerings as HCL America – licenses and services with respect to the Infringed Software — but at no charge to Defendants' customers.

165. Defendants are thereby "free-riding" on HCL America's time, labor, skill, and money invested in the marketing and sales of the Infringed Software and related services. HCL America cannot effectively compete with Defendants given such an unfair advantage, including that Defendants are effectively providing the Infringed Software to its customers for free.

166. Every resulting installation and use by Defendants or its customers of unauthorized instances of the Infringing Software represents a lost opportunity for Plaintiff HCL America to sell a license for the Infringed Software or to provided related services in return for licensing and service fees/commissions. Consequently, Defendants are wrongfully and unfairly competing against HCL America with respect to the commercial exploitation of the DX and Domino Software and related services in the United States.

167. Unfair competition under Texas law is the umbrella for all statutory and non-statutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.

168. Defendants' misappropriation and unauthorized commercial exploitation of DX and Domino for their own benefit, to the detriment of HCL America, is the very definition of conduct contrary to honest practice in commercial matters under applicable Texas unfair competition law.

169. Defendants' wrongful and dishonest practices constitute common law unfair competition under Texas law for which Defendants are liable to HCL America.

Dkt. No. 1 at 33-35.

As HCL correctly asserts, "[u]nfair competition under Texas law 'is the umbrella for all statutory and nonstatutory causes of action arising out of business

conduct which is contrary to honest practice in industrial or commercial matters." *Philips N. Am. LLC v. Image Tech. Consulting LLC*, No. 3:22-cv-147-B, 2022 WL 2972226, at *9 (N.D. Tex. July 26, 2022). "Unfair competition is not an independent tort" but, rather, contains "independent causes of action such as trade secret, 'palming off' or passing off, and misappropriation, to name only a few." *Engenium Sols., Inc. v. Symphonic Techs., Inc.*, 924 F. Supp. 2d 757, 792 (S.D. Tex. 2013).

The undersigned agrees with Defendants that the independent cause of action in the unfair competition claim is unfair competition by misappropriation. In Texas, unfair competition by misappropriation includes "(i) the creation of plaintiff's product through extensive time, labor, skill and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a 'free ride') because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff." *Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765 (5th Cir. 2017).

HCL pleads all these elements. It emphasizes the time and resources spent to market and sell the software elements; that Defendants used the software without having to pay HCL (getting a "free ride"); and that HCL was commercially harmed because it could not profit off of selling licenses to the Atos Defendants customers. *See* Dkt. No. 1 at 33-35.

And HCL does not plead any additional elements that would encompass a different independent cause of action. In its response to the motion to dismiss, HCL lays out the facts underlying an unfair competition by misappropriation claim,

labeling them as general dishonest behavior. HCL also argues that its claim is based on Defendants' dishonest and evasive behavior during the investigation, but it is not the Court's responsibility to search through every tort involving dishonest conduct to determine if HCL has alleged an independent tort capable of supporting the unfair competition claim. And, as another judge has explained, "not clearly defining which cause(s) of action support the unfair competition claim denies Defendants notice and the opportunity to appropriately defend against this claim." *Philips N. Am. LLC*, 2022 WL 2972226, at *9.

And, while HCL does incorporate all previous allegations into Count VII – Common Law Unfair Competition, HCL does not discuss Defendants' evasiveness and dishonesty relating to covering up their infringing behavior in the unfair competition cause of action. *See* Dkt. No. 29 at 20-21. And, so, Defendants' dishonesty or elusive behavior is not at "the heart" of HCL's unfair competition claim. *See Kane v. Nace Int'l*, 117 F. Supp. 2d 592, 596 (S.D. Tex. 2000) (discussing the heart of the action was outside of copyright law issues).

Because the unfair competition claim that HCL has alleged is unfair competition by misappropriation, this claim is preempted by the Copyright Act and must be dismissed. *See Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 657 (5th Cir. 2017) (explaining that "Texas's unfair competition by misappropriation cause of action does not afford protection materially different from federal copyright law" (internal citations omitted)). And, because the unfair competition claims is

preempted, the Court should dismiss this claim with prejudice. *See Vest Safety*, 2020 WL 4003642, at *5.

## Conclusion

For the reasons and to the extent explained above, the Court should grant HCL's motion to dismiss as to – and dismiss with prejudice – the unfair competition claim against all defendants and the unjust enrichment claim as to the CNA defendants only, and deny the motion as to the rest of the claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 31, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE