IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HCL TECHNOLOGIES LIMITED, and HCL AMERICA, INC., § § § § § § § § § § § § § § § § § § § §  Plaintiffs,  v.  ATOS S.E.; ATOS IT SOLUTIONS AND SERVICES, INC.; ATOS IT OUTSOURCING SERVICES, LLC; ATOS GOVERNMENTAL IT OUTSOURCING SERVICES, LLC; ATOS HEALTHCARE SERVICES, LLC; ATOS DIGITAL HEALTH SOLUTIONS, INC.; CNA FINANCIAL CORPORATION; and CONTINENTAL CASUALTY COMPANY,  Defendants. | | Civil Action No. **3:23-cv-868-L** |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge David Horan ("Report") (Doc. 38) was entered on January 31, 2024, recommending that the court grant in part and deny in part Defendants Atos SE.; Atos IT Solutions and Services, Inc.; Atos IT Outsourcing Services, LLC; ATOS Governmental IT Outsourcing Services, LLC; Atos Healthcare Services, LLC; and Atos Digital Health Solutions, Inc., (the "Atos Defendants"); CNA Financial Corporation; and Continental Casualty Company's (the "CNA Defendants") (collectively, "Defendants") Motion to Dismiss ("Motion") (Doc. 19).

On February 14, 2024, Plaintiffs HCL Technologies Limited and HCL America, Inc. (collectively, "Plaintiffs") filed Objections to the Report ("Plaintiffs' Objections") (Doc. 39), and Defendants' filed Objections to the Report ("Defendants' Objections") (Doc. 40). On February 27,

Order – Page 1

2024, Plaintiffs filed a Response to Defendants' Objections ("Plaintiffs' Response") (Doc. 41), and, on February 28, 2024, Defendants filed a Response to Plaintiffs' Objections ("Defendants' Objections") (Doc. 42).

On March 11, 2024, Plaintiffs filed a Reply (Doc. 43) to Defendants' Response (Doc. 42) ("Plaintiffs' Reply"), and on March 12, 2024, Defendants filed a Reply (Doc. 44) to Plaintiffs' Response (Doc. 41) ("Defendants' Reply"). The court **strikes** Plaintiffs' Reply and Defendants' Reply because they were filed without leave of court, and the court did not direct the parties to file reply briefs. *See* Doc. 21 at 2 ("The court does not allow parties to file a reply brief with respect to magistrate judge orders or findings and recommendations, unless leave is granted to file the reply brief. The court will strike or disregard any reply brief filed in violation of this order."). Moreover, the court has reviewed Plaintiffs' Reply and Defendants' Reply and determines that the arguments set forth do not change its decision.

**I.     Discussion**

On April 24, 2023, Plaintiffs filed their Complaint (Doc. 1) against Defendants, alleging direct copyright infringement under 17 U.S.C. § 101 *et seq.*, equitable accounting, unjust enrichment, and common law unfair competition. Doc. 38 at 2-3. Plaintiffs also brought claims against the Atos Defendants for contributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement under 17 U.S.C. § 101 *et seq*. *Id.* at 2. Plaintiffs seek a variety of remedies, including declaratory judgments, a preliminary and permanent injunction under 17 U.S.C. § 502, and money damages. *Id.* at 3.

In Defendants' Motion they argue that: (1) Plaintiffs engaged in "group pleading" and fail to allege facts with specificity regarding each of the Atos Defendants; Doc. 19 at 3-4; (2) Plaintiffs' equitable accounting claim should be dismissed as both a cause of action and a remedy because

"the facts and accounts at issue are so complex that adequate relief cannot be obtained at law, through discovery or otherwise;" *id.* at 5; (3) Plaintiffs' unjust enrichment claim is preempted because it protects equivalent rights as the Copyright, *id.* at 8; and (4) Plaintiffs' unfair competition claim should be construed as a claim for unfair competition by misappropriation that is preempted by the Copyright Act, *id.* at 7.

After determining that Defendants' Motion should not be converted into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and on which matters the court can take judicial notice, the Report concluded that the court should dismiss with prejudice Plaintiffs' unfair competition claim against Defendants, and unjust enrichment claim against the CNA Defendants only. Doc. 38 at 20.

In Plaintiffs' Objections, they argue that their unfair competition claim against the Atos Defendants is not preempted by the Copyright Act because they alleged "wrongdoing that is separate and apart from unauthorized copying and reproduction of copyrighted works." Doc. 39 at 5. In Defendants' Response, they argue that the Report's conclusion is correct because the unfair competition claim is preempted as a matter of law, because Section 301 of the Copyright Act preempts state law claims that fall within the general scope of federal copyright law. Doc. 42 at 3-4.

Under the Copyright Act and pursuant to Fifth Circuit precedent, courts apply a two-part test to determine whether an alleged state law claim is preempted. *See Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 378 (5th Cir. 2020); 17 U.S.C. § 102-06.

> First, we examine the state claim to determine whether it falls within the subject matter of copyright as defined by 17 U.S.C. § 102. If so, we then consider the state cause of action to determine if it protects rights that are equivalent to any of the exclusive rights of a federal copyright, as defined in 17 U.S.C. § 106.

*Digital Drilling Data Sys., L.L.C.*, 965 F.3d at 378 (citations and quotations omitted). As to the

**Order – Page 3**

first prong, the Report correctly concluded that "computer software is a tangible medium protected by the Copyright Act." Doc. 38 at 16 (citing *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 597 (5th Cir. 2015)). As to the second prong, Plaintiffs argue that because the first prong fails the court need not reach the second prong. Doc. 39 at 8 n.3. The court disagrees, and finds that because Plaintiffs do not plead any additional elements that are not encompassed by the cause of action for unfair competition by misappropriation, the second prong is also satisfied. *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 657 (5th Cir. 2017) (explaining that "Texas's unfair competition by misappropriation cause of action does not afford protection materially different from federal copyright law" (internal citations omitted)). Therefore, the court affirms the findings in the Report. Doc. 39 at 19 (finding that "[b]ecause the unfair competition claim … is unfair competition by misappropriation, this claim is preempted by the Copyright Act and must be dismissed) (citation omitted). Accordingly, the court **overrules** Plaintiffs' objection.

In Defendants' Objections, they argue that the magistrate judge erred because the Atos Defendants do not have a business relationship with Plaintiffs; thus, Plaintiffs' unjust enrichment claim does not include the additional element of undue advantage and is, therefore, preempted against all Defendants, not just the CNA Defendants. Doc. 40. In Plaintiffs' Response, they argue that: (1) they "are not required to allege a 'business relationship' [to] state a claim for unjust enrichment and avoid preemption;" and (2) Defendants' Objection "distorts the [Report's] reasonable and well-supported discussion of Plaintiffs and the Atos Defendants' 'business relationship.'" Doc. 41 at 5, 8.

"[A] Texas unjust enrichment claim requires showing that one party has obtained a benefit by fraud, duress, or the taking of an undue advantage." *Digital Drilling Data Sys.*, 965 F.3d at 378. When plaintiffs plead "the taking of an undue advantage" as an element of their unjust enrichment

claim, they "incorporate[] an element beyond mere unauthorized copying;" therefore, the unjust enrichment claim is not preempted by the Copyright Act under the second prong. *Id.* at 382. Here, the Report correctly finds—viewing the facts in the light most favorable to Plaintiffs—that Plaintiffs and the Atos Defendants had a business relationship, and that Atos Defendants took "undue advantage" of this business relationship when they continued using Plaintiffs' software after the licensing agreement expired. *See* Doc. 38 at 15. Therefore, Plaintiffs' unjust enrichment claim against Atos Defendants is not preempted by the Copyright Act because it protects rights that are not equivalent to any of the exclusive rights of a federal copyright. Accordingly, Defendants objections are **overruled.**

Finally, Plaintiffs did not request to amend their pleadings. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Here, Plaintiffs' claims for unfair competition against Defendants, and unjust enrichment against the CNA Defendants are preempted by the Copyright Act. Therefore, any amendment to Plaintiffs' pleadings will be futile and unnecessarily delay the resolution of this action.

II.     Conclusion

Having considered the Complaint, Defendants' Motion, the Report, file, record, and relevant law, the court determines that the magistrate judge's findings and conclusions in the Report are correct and **accepts** them as those of the court. Accordingly, the court **grants in part and denies in part** Defendants' Motion pursuant to 12(b)(6); **dismisses with prejudice** Plaintiffs' claim for unfair competition against Defendants; and **dismisses with prejudice** Plaintiffs' claim for unjust enrichment against the CNA Defendants *only*. Plaintiffs' claims that remain include: direct copyright infringement under 17 U.S.C. § 101 *et seq.* and equitable accounting against Defendants; common law unjust enrichment against the Atos Defendants; and, under 17 U.S.C. § 101 *et seq*, contributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement against the Atos Defendants.

**It is so ordered** this 12th day of March, 2024.

Sam A. Lindsay
United States District Judge

Order – Page 6